## GRAHAM v. FRANKE.

### No. 15,483; December 3, 1894.

#### 38 Pac. 455.

**Parties—Action on Contract.—Under Code of Civil Procedure, section 369,** the party in whose name a written contract is made, though partly for the benefit of another, may sue thereon without joining the latter.

**Evidence.—Error in Admitting Evidence is** not ground for reversal, unless it was prejudicial.

APPEAL from Superior Court, Alameda County; John Ellsworth, Judge.

Action by A. L. Graham against R. Franke. There was a judgment for plaintiff and defendant appeals. Affirmed.

Sawyer & Ayer for appellant; G. S. Langan and W. R. Davis, for respondent.

BELCHER, C.—This is an appeal by the defendant from a judgment entered against him, and from an order denying his motion for a new trial. Two points only are made for a reversal. They are, (1) that the court erred in admitting certain evidence over the objections of defendant; and (2) that the court erred in denying defendant's motion for a nonsuit at the conclusion of plaintiff's evidence.

The complaint contains two counts. The first is based upon a written contract executed by the parties, and dated April

26, 1890, whereby the plaintiff agreed to sell and deliver to the defendant certain vegetable products, and defendant agreed to purchase and pay for the same certain stipulated prices. The second count is for goods, wares and merchandise sold and delivered. In each count it is alleged that defendant had not made full payment, and judgment is asked for the amount still due and unpaid. The evidence objected to by the defendant at the trial, and the admission of which is assigned as error, was to the effect that on April 4, 1890, the plaintiff and one Worthington became partners in the business of raising vegetables, and that this partnership continued up to the time of the trial; and the objection was that the evidence was immaterial and irrelevant to any issue raised by the pleadings. Conceding that this objection was well taken, still it is evident that the defendant was in no way prejudiced by the ruling. The evidence did not, to any extent, tend to fix, establish or enlarge the liability of defendant.

At the close of plaintiff's evidence, and after he had rested his case, defendant moved for a nonsuit upon the ground "that the evidence shows that the plaintiff, A. L. Graham, is not the real party interested, and that this suit should not and cannot be maintained by him alone; that the evidence shows that the transaction, the matter of the suit, is a partnership debt." The motion was denied, and we see no error in the ruling. The plaintiff's contract with the defendant was in writing, and under section 369 of the Code of Civil Procedure, he was authorized to sue upon it without joining Worthington, even if it was partly made for the benefit of the latter. The judgment and order appealed from should be affirmed.

We concur: Temple, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.